IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CP PRINTING LIMITED<br><br>Plaintiff,<br><br>v.<br><br>GLITTERATI INCORPORATED<br><br>Defendant. | Civil Action No. 18-1526-CFC |

## **MEMORANDUM ORDER**

Plaintiff CP Printing Limited has sued Defendant Glitterati Incorporated, asserting claims of breach of contract, quantum meruit, and unjust enrichment. D.I. 1. Pending before me is Plaintiff's Motion for Summary Judgment (D.I. 36). Plaintiff's Concise Statement of Facts in Support of Motion for Summary Judgment states that "[b]etween January 2015 and December 2017, Glitterati purchased approximately $228,202.24 in printed books and publications from [CP]." D.I. 38 ¶ 1. CP's Concise Statement of Facts also states that Glitterati made payments to CP totaling "approximately $47,842.50" that left Glitterati with "an outstanding balance of $180,359.72." D.I. 38 ¶ 3.

Defendant denies these factual statements. Specifically, "Glitterati disputes that the amount it owed CP was $228,202.24." D.I. 39-3 at 3. In support of this

assertion, Glitterati cites the affidavits of Marta Hallett, Glitterati's publisher and owner, and Gloria Blanco, Glitterati's Director of Finance. Ms. Hallett's affidavit states that all costs had to be "formally approved" by Glitterati before CP was to proceed to print a book. D.I. 39-1 ¶ 3. But the invoices that CP relies upon to arrive at the $228,202.24 amount, Glitterati argues, include "many extra costs and/or additional costs" not approved by Glitterati and "numerous and significant discrepancies, errors, and overcharges." D.I. 39-3 at 2; *see also* D.I. 39-1 ¶ 12 (affidavit of Ms. Hallett stating that certain invoices contain charges for goods and services that Glitterati did not receive); D.I. 39-2 ¶ 6 (affidavit of Ms. Blanco stating that certain invoices contain overcharges for previously invoiced services and citing D.I. 39-2, Ex. C as an acknowledgement from CP of such an overcharge). Ms. Hallett thus swears that "CP is not owed the amount claimed in this litigation [($180, 359.72)] and that a full accounting of all invoices, purchase orders and payments is required." D.I. 39-1 ¶ 13. This averment creates a genuine dispute of a material fact.

In its briefing, CP suggests that an "open balance statement" created by CP that lists Glitterati's alleged debts (D.I. 38-3) and an email sent from Ms. Blanco to CP (D.I. 38-5) operate as "accounts stated" that prevent Glitterati from disputing that it owes CP $180,359.72. D.I. 37 at 9. CP similarly asserts that the invoices

delivered to Glitterati and discussed above also operate as accounts stated. D.I. 40 at 3.

An account stated can estop a party from disputing an amount owed, but only if "the creditor and the debtor assent" to an "exact and definite balance." 29 Samuel Williston & Richard A. Lord, *Williston on Contracts* § 73:56 (4th ed. 2020). None of the documents CP cites prove that Glitterati assented to a definite balance owed. The email from Ms. Blanco refers only to an "[e]stimated [a]mount [d]ue" of $200,000, D.I. 38-5 at CPP 000489, and thus does not contain an "exact and definite balance." Moreover, the absence of record evidence that Glitterati affirmatively objected to the open balance statement would not warrant summary judgment in CP's favor. While the failure to object to an invoice within a reasonable time can constitute the assent necessary for estoppel by an account stated, what constitutes "a reasonable time for the purposes of this rule is generally a question for the jury." Williston, *supra*, at § 73:58. As a result, a debtor's "silence with respect to . . . invoices received is not so conclusive as to require a directed verdict against it." *Id.*

Because there is a disputed fact that CP has said is material to its summary judgment motion, I will deny the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

NOW THEREFORE, at Wilmington this Twenty-first day of January in 2021, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (D.I. 36) is DENIED.

_____
UNITED STATES DISTRICT JUDGE